.fudge Uxouiuvuoi',
delivered the opinion of the court.
The attempt to show, mat Priscilla, the slave in contest, was not subject to the execution, under which Mitchell purchased, because McClellan had mortgag :d her jo Elder, oug'.it not to have succe .¡tied. The contract between McClellan and Elder, did not náss the title to rhe latter, at the time it was executed. *362 Whether the title would ever vest in Elder, under that contract, depended upon a condition which had not happened when Priscilla was sold under the execution against McClellan, nor had the time arrived, when, according to the contemplation of the parties, it would be ■ascertained whether the title should pass to Elder. Whilst the property was in this condition, it was subject to executions against Mr. Clcllan. It did not appear, that the condition, upon which the title was to vest in Elder, had happened before the trial of this caused Whether it will-over happen, is uncertain.
Monroe, foi appellant; .Denny, for appellee.
It sepms there are three persons ’in Washington county, bearing the name of i’ohcrt Mitchell. It is contended by Chisholm, that the’individual denominated Jiburbon Rob, for distinction, is the person, plaintiff in this action, whereas, sheriff L'ob, is the person, in whom the title is shown to be, he, having been the purchaser at the sale, made under the execution. If Bourbon Bob, is the plainliff, he has no right to recover. We arc of opinion, that the evidence of 1he attorney, who brought the suit,ought to be regarded, in a case like this, as conclusive. The attorney ¡dates, that the suit was brought for Robert Mitchell, usually called sh'riff Bob. On the last trial, it was proved by Hughes, that the plainliff in the action, was ihe purchaser of the slave at the sheriff s safe. We, therefore, perceive no error in ilie proceedings of the court below.
The judgment is affirmed, with costs and damages.